**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-3725-19

YAPHET I. GORDON,

     Plaintiff-Appellant,

v.

CARLOS A. CAMPOS, and
REGIONAL INDUSTRIES,

     Defendants,

and

OFFICE OF THE ATTORNEY
GENERAL OF NEW JERSEY,

     Intervenor-Respondent.

_____

Submitted April 12, 2021 – Decided May 14, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7380-16.

Epstein Ostrove, LLC, attorneys for appellant (Daniel N. Epstein, on the briefs).

Gurbir S. Grewal, Attorney General, intervenor for the State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Bryan Edward Lucas, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Yaphet I. Gordon appeals from the Law Division's April 24, 2020 order denying his motion to compel the Essex County Probation Department to issue a warrant satisfying a judgment that arose from plaintiff's arrears in child support payments.[1]  In his motion, plaintiff argued that N.J.S.A. 2A:17-56.23(b) only required that child support obligations "docketed with the Clerk of the Superior Court" act as liens against the distribution of proceeds from the settlement he recovered in this personal injury action, and not to any subsequently accruing arrears.  In response to the motion, the Attorney General moved to intervene and to stay the matter pending the outcome of the appeal filed in Omar Wilson v. Angel R. Becerril et. al., A-5463-18 that was to address the identical issue raised by plaintiff's motion.

The motion judge considered the parties' oral arguments on April 24, 2020.  He then granted the motion to intervene, denied the motion for a stay, and denied plaintiff's motion to compel the issuance of the warrant satisfying

---

[1]  According to plaintiff, while his total arrears equaled $1,175.91, he only owed $410 because that was the only amount reduced to judgment.

A-3725-19

judgment. In an oral decision placed on the record that day, the judge explained that although he thought "the plain language of the statute" was clear, he was denying defendant's motion "without prejudice . . . pending the outcome of the appeal on the Wilson case." He added that if plaintiff's counsel wished to "reapply once [Wilson] c[a]me[] down," the judge would address plaintiff's concerns "at that particular time." This appeal followed.

After plaintiff filed his appeal, we consolidated the matter with the Wilson appeal. After the consolidated cases were submitted for our consideration, Wilson's counsel, who also represents plaintiff in this action, filed a stipulation of dismissal of Wilson's appeal after notifying our clerk that Wilson no longer wanted to pursue his appeal.

Consequently, we are constrained to vacate the order denying plaintiff's motion in this appeal as the motion judge's determination to abide the Wilson appeal is no longer a viable option. We remand the matter to the motion judge for a substantive reconsideration of plaintiff's motion and a reasoned decision on its merits.

Vacated and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3725-19